Our second case for argument this morning is McGhee v. Dittmann. Mr. Tierney. Good morning, Your Honors, and may it please the Court, for Appellant Laderian McGhee, I've asked to reserve two minutes for rebuttal. Mr. McGhee clearly and unequivocally asserted his right to represent himself by saying three things to the State Court. He wanted to discharge his attorney, he wanted to speak up for himself, and he wanted to proceed with trial that same day. He didn't want to adjourn. He rejected all options but self-representation. The State Court couldn't have reasonably interpreted Mr. McGhee's request that he be permitted to speak up for himself in any other way. Now, it's uncontested that if we're correct about Mr. McGhee's assertion of his rights, the State Trial Court committed structural error, and Appellate Counsel was ineffective for not raising that structural error on direct appeal. To start with, Mr. McGhee disclaimed any intent to adjourn trial. Immediately after the Court construed his request to discharge counsel as a delay tactic and then denied a motion to withdraw and what he characterized as an adjournment, McGhee said, quote, why would I want to adjourn trial doesn't make a difference whether I adjourn. I'm not trying to adjourn trial. That's at page 70 of our supplemental appendix. The history of this case confirms that it really wasn't, his request to discharge his attorney and speak for himself wasn't about delaying trial. It was his first opportunity to complain about counsel. He had no reason to assert any concerns with his counsel's performance until a couple of days before trial when his concerns ripened after his attorney declined to pursue his favored alibi defense. In addition, Mr. McGhee repeatedly tried to have his attorney withdraw. I'm puzzled by one feature. I mean, this is something that happened before you became involved. But since what McGhee was saying was fundamentally that he was dissatisfied with his lawyer's services, why did he not argue in state court that his lawyer furnished ineffective assistance? Certainly he did argue in his Knight petition that his attorney, that his direct appeal attorney was. Oh, no, I'm not asking about the direct appeal. The principal objection he had at trial was that his lawyer wasn't communicating with him, wasn't following his instructions, wasn't representing his interests. Normally that's the basis for an ineffective assistance claim. But I gather that none was ever made in state court. As I say, this happened before you became involved, but do you happen to know why? I don't believe the answer to that question is in the record, Your Honor. My speculation is that it would be an additional grounds for the direct appeal counsel's failure to raise the claim. No, you don't raise ineffective assistance on direct appeal. Okay. He filed a Knight petition, did he not? He did file a Knight petition. In the state court. He did. But that petition was limited to the ineffective assistance of his direct appeal counsel for failing to raise this claim of structural error. So from our perspective, that would be, you know, certainly the state doesn't dispute that if we're correct that Mr. McGee's assertion of his right to represent himself was clear and unequivocal, then he did preserve that claim for appellate counsel to raise it, who was therefore ineffective in failing to assert it. The Supreme Court has said that the denial of the right to represent yourself is structural error requiring automatic reversal, and the state has waived any argument otherwise, although the Supreme Court in the McCaskill case also did say that this isn't a harmless error issue. I understand that the district courts, some of the district courts in Wisconsin, are of the view that raising the issue of inadequacy of counsel to raise the structural issue on appeal is sufficient to preserve the underlying issue of ineffectiveness of counsel at trial, or the Feretta issue, I should say. We've never ruled on that, have we? No, you have not, Your Honor. But there's no question in this case that McGee has exhausted his state remedies. The state waived any reliance on a procedural bar. I'm more concerned about procedural default. Was there a procedural default for purposes of federal habeas? There was not a procedural default. The district court also decided that a Knight petition adequately exhausts state remedies, and that decision was undoubtedly correct in light of the comity principles that underlie Section — Tell me more about that. Why — because if we decide that in this case, it will be new law for the circuit. That's correct, Your Honor. In a Knight petition, the merits of the underlying constitutional claim are in a manner presented to the state courts as the — for an entire round of appellate review. As the merits of the underlying constitutional claim may drive the question of whether appellate counsel was performed deficiently by failing to raise and develop an obvious and significant issue. In addition, in the case of a structural error such as this one, it would be per se prejudicial for appellate counsel not to raise the issue. But, again, even if there were, you know, any concerns about the state's affirmative defenses, the state has waived the reliance on those defenses. That would be the second point. In other words, maybe in this is not the case to decide the issue of the Knight petition's viability to raise the underlying question, since the state really has not raised the matter here. That's entirely correct, Your Honor. And our precedent does make it clear that that waiver is — really does excuse us, at least, from having to deal with the issue. That's correct, Your Honor. You know, certainly we think that it would be appropriate for this court to hold that a Knight petition satisfies the exhaustion requirement, but the waiver means that the court need not address it. If there are no further questions, I will reserve the remainder of my time. Certainly, counsel. Mr. Wren. Thank you, Your Honor. My name is Christopher Wren. I'm an assistant attorney general for the state of Wisconsin, representing the respondent appellee, Michael Dittman. I'd like to return to a couple of questions that were asked of Mr. Tierney. I'd like to correct, with all due respect, Your Honor, the statement that you can't raise ineffective assistance of counsel on direct appeal. In Wisconsin, you can, and our system is set up so that you can raise ineffective assistance of trial counsel. I'm not debating whether you can. It's just stupid. Well, that's — It pretty much guarantees a loss, because the record won't have the information necessary to evaluate the claim. Right. Well, you can raise it on direct appeal in the federal system, too. We discourage lawyers from sandbagging their clients in that way. Well, I wasn't — I confess I must have misunderstood what your point was on that. As to the question about whether the underlying issue was presented in the Knight petition, I think it's important to recognize how a Knight petition is dealt with in the Wisconsin courts. In this case, the court of appeals decided it on an ex parte decision. What that meant was the only record in front of that court was whatever Mr. Magee presented to it, and what he presented were some excerpts from the trial transcripts. Why was it decided in that posture without the State's answer? I'm sorry? Why was it presented — why was it considered in an ex parte posture? Why was it? Yeah. Well, the court in its decision said that it was permitted under Wisconsin rules to decide a Knight petition ex parte, and it decided based on the record that was in front of it that it could resolve those issues. So the court could have asked the State to participate. It just simply didn't. Yes, it could have. And that's one of the difficulties with a Knight petition is that if the State does not respond, you don't necessarily get a full record of what went on in the trial court. And that kind of is what happened here, that they relied entirely on Mr. Magee's own selection of the statements and so on that he asserted showed his invocation of the right to self-representation. Now, why do you tell us about this? What are the implications of it being ex parte for its viability as taking care of the procedural default question of federal habeas? Well, we are not arguing procedural default because under Wisconsin law he presented that and the court resolved it on the merits based on what he presented. And the fact that he presented it in the posture of an ineffective assistance of appellate counsel is of no moment as far as you're concerned? As far as I'm concerned, yes, because in order to resolve the ineffective assistance of appellate counsel issue, the court in a sense has to go back and look at the underlying claim to see whether it's been preserved as a matter of Wisconsin law. So you look at it more as a matter of economy of time for the State judges. It would be futile to send that issue back to them, bereft of the ineffective appellate counsel? Well, in that sense, yes, I think that's correct, Your Honor, because basically what the court had in front of it was Mr. McGee's best case for claiming that he had invoked his right of self-representation. Anything else that would come in would, as I think one of the reasons I've reproduced such lengthy sections of the transcripts from the trial court, was to show that that was the best case he could make, and if you add anything else, it simply deteriorates from his point of view. Your point of view, then, this is basically a transcript case. Look at the transcript. This guy misbehaved, but he certainly never asked explicitly for the right to represent himself. It is a transcript case at this point. Is it generally in your view, Wisconsin law, that as soon as somebody complains about an issue that wasn't resolved, all procedural default issues go away? No, I'm not arguing that. Normally the way to get at an issue that was defaulted at trial and on direct appeal is to contend that counsel was ineffective in not raising, and in order to make such an argument, a plausible argument under Strickland, one would have to show of appellate counsel that this Ferretta argument was substantially stronger than the arguments that appellate counsel in fact raised. But so far as I can see, there hasn't been any comparison of the relative merits of these arguments. There's no argument in this court that counsel bypassed the Ferretta argument in favor of weaker arguments. There's been no mention whatsoever of what those other arguments that counsel raised on direct appeal were. But I gather from your position that it just doesn't matter that the standards of Strickland haven't been met. That's the puzzle. I think that's what's puzzling Judge Ripple. It's puzzling me. It's not that it doesn't matter. There hasn't even been an argument that the standards of Strickland have been met. The point that I was trying to make, and I guess I made it inartfully, is that when a defendant claims ineffective assistance of appellate counsel, one of the first things that our courts do is look to see whether the issue has been preserved at the trial level. And because it was not preserved here, that alone would have been sufficient for the court of appeals to deny the claim of ineffective assistance of appellate counsel. The court noted that.  You're articulating a rule of state law that might lead to something being denied. Now, Ripple and I are worried about whether a rule of federal law has been satisfied. And you seem to be saying, well, because this claim was denied as a matter of state law, I'm not going to worry about the requirements of federal law, about what a Strickland claim entails. I'm just going to ignore that. That's a very strange thing for a lawyer to say in federal court, that I'm going to ignore the federal requirement for relief. Well, I guess I didn't see this as because it was not raised as an ineffective assistance of counsel claim in terms of trial court. I'm relying on the procedure. But that is Mr. McGee's argument here, that ineffective assistance of counsel occurred on direct appeal. Well, that has a meaning in federal law, and it has certain requirements. None of the requirements has been argued to exist. And yet the state of Wisconsin doesn't seem concerned. It's not that we're not concerned. It's that it's proceeding under the posture of ineffective assistance of appellate counsel. And so it becomes kind of recursive. No, it's not. I just think you don't understand what Strickland requires for a claim of ineffective assistance of appellate counsel. Well, if that's your view, then I don't really have any point to argue on that. This is a position that has been consistent within the Wisconsin courts with the positions that we have taken in regard to appellate counsel. And you have forfeited by not raising not only procedural default, but what seems at least to me to be the untimeliness of this petition. That's not been raised by the state either. I'm not sure what the untimeliness issue is. Yeah, well, so you haven't raised it. No, I truly don't see it. He had continuous cases going on in the Wisconsin courts. And as I laid out in the answer to the petition, based on the one-year limitation period, our position was that he had filed a timely petition in the district court. If this court disagrees, then I have to. It's not a question of disagreement. Any argument about time has been forfeited by the state, so we're not going to consider it one way or the other. Our position is that even taking the statements, even taking the record as it was presented by Mr. McGee in the Wisconsin Court of Appeals, that those statements do not provide a clear and unequivocal invocation. And I think one of the important things to recognize is that the clear and unequivocal invocation is an overlay on FRERTA that the Supreme Court did not decide as a matter of clearly established federal law that it had to be a clear and unequivocal invocation. And that was one of the points that our court made in Darby, citing all 12 numbered circuits plus the D.C. circuit as having added, included that overlay. As a result, I don't see how this can be. There are more circuits. Pardon? You just said all 12 numbered circuits. I'm sorry, the 11 numbered circuits plus the D.C. circuit. It's always possible that Congress created some more, and we just overlooked it. In any event, the only two things that FRERTA established, clearly established, was the right to self-representation and then that the waiver of the right to counsel had to be knowing and intelligent. But that had already been established before FRERTA. The result is that, from our point of view, whether he invoked clearly and unequivocally is not a matter, is not a violation of clearly established federal law. Unless the Court has other questions, I see my time is up. Thank you, Counsel. Anything further, Mr. Tierney? Very briefly, Your Honor. Two brief points. First, with respect, Your Honor, I would dispute that we didn't raise the requirements of Strickland in our brief. On page 39 of our blue brief, we did explain that direct appellate counsel was deficient because the structural error here was significant and obvious and was more meritorious than the other issues. As we pointed out, this Court had issued a certificate of appealability only as to self-representation claim but not on the other claims that Mr. McGee's habeas petition. Do you see any analysis of the other issues that were raised on appeal and why this one is significantly stronger? You are correct, Your Honor. I did not fully develop that argument. Exactly. Well, you don't analyze it. You haven't done what's necessary. But as we say, there's been no invocation of procedural default. That's correct, Your Honor. And finally, as you say, if the State was concerned about the manner in which, you know, the merits of the ineffective assistance claim was litigated in the Knight petition, it should have raised it in its brief before this Court, but it failed to do so and therefore waived it. Therefore, if there are no further questions, we would ask that the Court grant issue an order reversing the district court with instructions to issue the writ. Thank you very much. Thank you very much, Mr. Tierney. And we appreciate your willingness and that of your law firm to accept the appointment in this case and your assistance to the Court as well as your client. The case is taken under advisement.